UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Leon Burnett, | ) C/A No. 9:17-1335-MGL-BM | |
| | ) | |
| Plaintiff, | ) | |
| | ) **REPORT AND RECOMMENDATION** | |
| vs. | ) | |
| | ) | |
| Bryan P. Stirling, Michael McCall, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff, William Leon Burnett, proceeding pro se and in forma pauperis, brings

this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Allendale Correctional

Institution, part of the South Carolina Department of Corrections (SCDC).

Under established local procedure in this judicial district, a careful review has been

made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and

§ 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light

of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490

U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of

Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se

complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574

F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a

pro se complaint to allow the development of a potentially meritorious case. Erickson v. Pardus, 551

U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)); Hughes

v. Rowe, 449 U.S. 5, 9 (1980).

However, even when considered pursuant to this liberal standard, for the reasons set forth hereinbelow this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff claims that his Eighth and Fourteenth Amendment rights have been violated because all SCDC institutions have painted the dorm windows white to allegedly "deprive inmates of their right to a certain amount of ligh[t] from outside." ECF No. 1 at 5. He asserts that this affects the psychological, emotional, and "mental memory" of SCDC inmates. Id. In the injury section of his Complaint, Plaintiff wrote:

> Deprivation of memory, affects the memory to the extent they [inmates] don't know what is taking place around them while locked in the cell.[]There are several cases where this has been reported to the fourth branch of government - MEDIA.

ECF No. 1 at 6. Plaintiff requests that the coating be taken off the windows at every institution. Id.[1]

---

[1]Plaintiff asserts that this action should be treated as a class action because Defendants' actions affect the entire population of prisoners. However, to the extent that Plaintiff is attempting to assert claims on behalf of other detainees, those claims must be dismissed. See Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)[a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant]; Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)[a prisoner cannot act as a "knight-errant" for others]. Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)[a pro se prisoner cannot be an advocate for others in a class action].



2

However, this action is subject to summary dismissal because it is clear from the face of the Complaint that Plaintiff has not exhausted his available administrative remedies.[2] Even though Plaintiff admits that the SCDC has a grievance process that covers his claims, he checked "No" in response to questions on the Complaint form asking if he filed a grievance with his correctional facility concerning the facts relating to this Complaint. He also wrote "N/A" in response to questions about where he filed a grievance, what he claimed in the grievance, and the result. Instead, Plaintiff wrote "Class Action - Grievance not need[ed] since it affects the entire population of all prisoners." Complaint, ECF No. 7-8.

Before a prisoner can proceed with a lawsuit in federal court, he must first exhaust his administrative remedies as required by the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or

---

[2]This Court can take judicial notice from numerous other previous cases filed and decided in this District that in order to exhaust the SCDC prison grievance procedure, an inmate must submit a Step 1 Grievance form. If the inmate is then not satisfied with the result of his Step 1 grievance, he can appeal by submitting a Step 2 grievance form to the Institutional Grievance Coordinator. The response to the inmate's Step 2 grievance is generally the final agency decision on the issue for exhaustion purposes, although in some cases a further appeal to the South Carolina Administrative Law Court is required before exhaustion is complete. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records]; see also Johnson v. Ozmint, 567 F.Supp. 2d 806, 820, n.5 (D.S.C. 2008); Duncan v. Langestein, No. 07-268, 2008 WL 153975 at * 5 (D.S.C. Jan. 14, 2008) (citing Charles v. Ozmint, No. 05-2187, 2006 WL 1341267 at * 4 n. 4 (D.S.C. May 15, 2006) (recognizing that completion of Step II grievance exhausts administrative remedies and § 1997(a) does not require inmates to further appeal to Administrative Law Court.)); Ayre v. Currie, No. 05-3410, 2007 WL 3232177 at * 7 n.5 (D.S.C. Oct. 31, 2007).



3

particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review, which means "'using all steps that the agency holds out, and doing so properly.'" Woodford v. Ngo, 548 U.S. 81 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

While a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity; Jones v. Bock, 549 U.S. at 216; if the lack of exhaustion is apparent on the face of the prisoner's complaint, sua sponte dismissal prior to service of the complaint is appropriate. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The Fourth Circuit recently stated that exceptions to the rule (that an inmate need not demonstrate exhaustion of administrative remedies in his complaint and that failure-to-exhaust is an affirmative defense that the defendant must raise) which allow a court to sua sponte dismiss a complaint for failure to exhaust administrative remedies are rare. Custis v. Davis, 851 F.3d 358, 361-362 (4th Cir. 2017). Here, however, Plaintiff himself admits in his Complaint that he did not exhaust his available remedies. See ECF No. 1 at 7-8. While Plaintiff argues that he does not have to exhaust his remedies because this is a class action, no class action has been certified and, as discussed above, a pro se prisoner may not bring a class action. Further, Plaintiff has not asserted any facts indicating exhaustion by another member of a class of which he is a part that might allow



4

for vicarious exhaustion.[3]  Therefore, this case must be dismissed.  Hyde v. South Carolina Dep't

of Mental Health, 442 S.E.2d 582, 583 (S.C. 1994) ["Where an adequate administrative remedy is

available to determine a question of fact, one must pursue the administrative remedy or be precluded

from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the

power of this court - or any other to excuse compliance with the exhaustion requirement, whether

on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility,

28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Cannon v. Washington, 418 F.3d 714, 719 (7th Cir.

2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies]; Malik v.

Sligh, No. 11-1064, 2012 WL 3834850, at * 4 (D.S.C. Sept. 4, 2012) ["A court may not consider,

and must dismiss, unexhausted claims"].

Moreover, the undersigned is further constrained to note that the Complaint as filed

would be subject to summary dismissal in any event, because Plaintiff fails to specify what actions

either of the named Defendants took or failed to take that allegedly violated his constitutional or

other federal rights.  Rather, he merely generally states that Defendant Stirling is responsible for

overseeing that his employees at headquarters follow procedural guidelines and that Defendant

McCall is responsible for "carrying it out."  ECF No. 1 at 4.  However, a § 1983 claim for

supervisory liability cannot rest on the doctrine of respondeat superior.  Carter v. Morris, 164 F.3d

---

[3]In cases where the court has certified a prisoner class pursuant to Fed.R.Civ.P. 23, courts
have permitted later plaintiffs to participate in the action through a theory of "'vicarious exhaustion,'
i.e., when 'one or more class members ha[s] exhausted his administrative remedies with respect to
each claim raised by the class.'" Chandler v. Crosby, 379 F.3d 1278, 1287 (11th Cir. 2004) (quoting
Jones 'El v. Berge, 172 F.Supp.2d 1128, 1133 (W.D. Wis. 2001)); see McGoldrick v. Werholtz, 185
F. App'x 741, 743 (10th Cir. 2006); Gates v. Cook, 376 F.3d 323, 329–30 (5th Cir. 2004); Jackson
v. District of Columbia, 254 F.3d 262, 268–69 (D.C.Cir. 2001).



215, 221 (4th Cir. 1999). Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of respondeat superior or vicarious liability, see Slakan v. Porter, 737 F.2d 368, 370–75 (4th Cir. 1984), that exception does not operate to save Plaintiff's Complaint from dismissal for failure to state a claim against either of the Defendants here, as the Slakan exception requires factual allegations showing a "pervasive and unreasonable risk of harm from some specified source ..." coupled with allegations showing that the supervisor's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" Slakan, 737 F.2d at 373; see Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994). Otherwise, in order to proceed with a claim under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant (as is the case here), that defendant is properly dismissed. See Karafiat v. O'Mally, 54 F. App'x 192, 195 (6th Cir. 2002); Curtis v. Ozmint, C/A No. 3:10–3053–CMC–JRM, 2011 WL 635302, at *4 n. 5 (D.S.C. Jan. 5, 2011), adopted by, 2011 WL 601259 (D.S.C. Feb. 11, 2011); Whaley v. Hatcher, No. 1:08CV 125–01–MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr.18, 2008). Hence, as no such allegations are contained in Plaintiff's pleading, this case would be subject to dismissal even if Plaintiff had exhausted his administrative remedies with respect to this claim.[4]

---

[4]If Plaintiff exhausts his administrative remedies with respect to this claim, he can address this defect, if he can, in an amended filing of a new action. See, e.g., Brockington v. South Carolina Dep't of Soc. Servs., No. 17-1028, 2017 WL 1531633 (4th Cir. 2017)[Noting that pro se Plaintiff should be provided an opportunity to amend his complaint to cure defects prior to a dismissal]; Evans v. Richardson, No. 17-1144, 2017 WL 2294447 (4th Cir. May 25, 2017)[same]; Breyan v. All Medical Staff, No. 17-6186, 2017 WL 2365232 (4th Cir. May 31, 2017)[same].



6

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

October 4, 2017
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

